IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | | |
|---|---|---|
| STEVEN J. KADONSKY, | ) | |
| | ) | Civil No. 2:98-CV-852BSJ |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | **& ORDER** |
| | ) | **(Fed. R. App. P. 4(a)(6))** |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF JUSTICE, JOHN | ) | |
| DOES 1-10, AGENTS OF THE UNITED | ) | |
| STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

```
┌─────────────────────────────────┐
│             FILED               │
│  CLERK, U.S. DISTRICT COURT     │
│    May 11, 2006 (4:24pm)        │
│      DISTRICT OF UTAH           │
└─────────────────────────────────┘
```

* * * * * * * * *

The above-entitled action was tried to the court on August 19, 20 and 24, 2004, and on

September 27, 2004, this court entered a Memorandum Opinion & Order (dkt. no. 100), deciding

the merits of plaintiff Kadonsky's claims and dismissing his complaint.  The Clerk of the Court

entered judgment on September 28, 2004 (dkt. no. 101), and mailed copies of the Memorandum

Opinion & Order and the Judgment to counsel for the government and to Kadonsky at the

following address:

> Steven J. Kadonsky
> NEW JERSEY ST PRISON
> #273445
> PO Box 861
> TRENTON, NJ 08625

This address was Kadonsky's mailing address of record in this action in September of 2004.

Kadonsky was and is incarcerated at the New Jersey State Prison, where he is currently

serving a 25-years-to-life sentence.  This court temporarily obtained custody of Kadonsky by writ

of habeas corpus for the purpose of the August 2004 bench trial,[1] and after trial, Kadonsky was returned to New Jersey state custody on or about October 27, 2004, by way of transfer through federal facilities in Oklahoma City, Oklahoma and Atlanta, Georgia, by the United States Marshals Service.  He returned to the New Jersey State Prison on or about November 5, 2004.

In the days following September 28, 2004, delivery of the envelope containing Kadonsky's copies of the Memorandum Opinion & Order and Judgment in this case appears to have been refused by the New Jersey State Prison.  (*See* copy of envelope, annexed hereto as Exhibit "A".)   The envelope was ultimately returned to the Clerk's Office on or about December 21, 2004, where it was lodged in Kadonsky's file.[2]

On September 1, 2005, chambers received a handwritten letter from Kadonsky, dated August 29, 2005, asking "when a decision would be reached in the above listed action."   Copies of the Memorandum Opinion & Order and Judgment were again mailed to Kadonsky at the New Jersey State Prison, which Kadonsky acknowledges receiving on September 12, 2005.

On September 22, 2005, Kadonsky filed a Notice of Appeal (dkt. no. 102), a "Notice of Motion to File Appeal at this Time" (dkt. no. 106), and a Certification with annexed exhibits (dkt. no. 107).  Kadonsky's Certification detailed his transit back to the New Jersey State Prison following trial in this District, and proffered a series of supporting documents, including a copy of a handwritten letter dated November 16, 2004 addressed to the Clerk of the Court, advising that "I arrived back in New Jersey last week," and requesting that "[w]hen Judge Jenkins rules on my case 2:98-CV-0852J, please send the order here."  ("Ex. Page 4" to Certification (dkt. no.

---

[1](*See* Writ of Habeas Corpus, filed July 14, 2004 (dkt. no. 97).)

[2]The Clerk's Office apparently did not make further inquiry as to Kadonsky's whereabouts, and did not inform chambers that the plaintiff's copies of the Memorandum Opinion & Order and Judgment had been returned undelivered.

-2-

107).)[3]  In light of the fact he did not receive any notice of this court's Memorandum Opinion &

Order or Judgment entered in September 2004 until he received copies of them on September 12,

2005, Kadonsky requested that he "be allowed to file the Notice of Appeal at this time."

(Certification (dkt. no. 107), at 3 ¶ 20.)

On October 18, 2005, the court of appeals entered an Order dismissing Kadonsky's

appeal on the ground that his notice of appeal was untimely:

> The sixty-day deadline under Fed. R. App. P. 4(a)(1)(B) for the filing of a
> timely notice of appeal expired on Monday, November 29, 2004.  *See* Fed. R.
> App. P. 26(a)(3).  Plaintiff's notice of appeal was filed on September 16, 2005,
> *see* Fed. R. App. P. 4(c), which was approximately ten months after the expiration
> of the sixty-day deadline. . . .
> Compliance with filing requirements is mandatory and jurisdictional.  *See*
> *budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988).  The notice of
> appeal is untimely.  The court lacks appellate jurisdiction.

(Order, filed October 18, 2005, *Steven J. Kadonsky v. United States of America*, No. 05-4253

(10th Cir.).)  A copy of the court of appeals' Order was received and docketed by the Clerk of

this court on October 20, 2005 (dkt. no. 109).

Kadonsky sought reconsideration of that Order by the court of appeals.  On December 6,

2005, the court of appeals entered an Order denying reconsideration and remanding the matter to

this court for consideration of Kadonsky's "Notice of Motion to File Appeal at This Time."

(Order, filed December 6, 2005, *Steven J. Kadonsky v. United States of America*, No. 05-4253

(10th Cir.).)  A copy of the court of appeals' Order was received and docketed by the Clerk of

this court on December 8, 2005 (dkt. no. 110).

On January 4, 2006, Kadonsky filed a Supplemental Certification in support of his

---

[3]It appears that the Clerk's Office did not receive that letter, as no copy of the letter is lodged in the file.

-3-

motion (dkt. no. 111), and a "Supplement to Motion to File Appeal at This Time," and on January 6, 2006, the court entered an Order directing counsel for the government to respond to Kadonsky's motion (dkt. no. 112). On February 6, 2006, counsel for the government filed a memorandum in opposition (dkt. no. 113), arguing that Kadonsky's motion should be denied because he "failed to file his motion within 180 days after entry of the judgment as required by Fed. R. App. P. 4(a)(6)." (The United States' Memorandum in Opposition to Plaintiff's Motion to File Notice of Appeal Out of Time, filed February 6, 2006 (dkt. no. 113) ("U.S. Opp. Mem."), at 1.)

### EQUITABLE TOLLING AND THE RULE 4(a)(6) 180-DAY TIME LIMIT

"It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional,'" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (per curiam) (quoting *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 264 (1978)), that is, it is a mandatory prerequisite to the exercise of appellate jurisdiction. *Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1256 (10th Cir. 1990) ("It is well-established that an appellate court acquires jurisdiction of an appeal only upon the timely filing of a notice of appeal, and this requirement is mandatory and jurisdictional.") (citing *United States v. Robinson*, 361 U.S. 220, 224 (1960); *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 368 (10th Cir. 1974), *cert. denied*, 419 U.S. 997 (1974); and *Lathrop v. Oklahoma City Housing Authority*, 438 F.2d 914, 915 (10th Cir.), *cert. denied*, 404 U.S. 840 (1971)).

The Federal Rules of Appellate Procedure strictly detail the procedure and deadlines for enlarging the time within which to file a notice of appeal, and the district courts lack authority to act otherwise. *See Certain Underwriters*, 896 F.2d at 1257 ("Fed.R.App.P. 26(b) expressly

prohibits extensions of time for filing notice of appeal beyond the time limits set out in the rules."); *United States v. Dando*, 287 F.3d 1007, 1011 n.6 (10th Cir. 2002) (noting that "we have strictly enforced time period requirements imposed by the Federal Rules of Appellate Procedure").

Rule 4(a)(6) of the Federal Rules of Appellate Procedure reads:

**(6) Reopening the Time to File an Appeal.**  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party received notice of the entry, whichever is earlier;

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) the court finds that no party would be prejudiced.

This provision was added by a 1991 amendment to the appellate rules, as explained by the Rules Advisory Committee:

The amendment provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.  The amendment adds a new subdivision (6) allowing a district court to reopen for a brief period the time for appeal upon a finding that notice of entry of a judgment or order was not received from the clerk or a party within 21 days of its entry and that no party would be prejudiced.  By "prejudice" the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal.  Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.

Reopening may be ordered *only upon a motion filed within 180 days of the*

*entry of a judgment or order* or within 7 days of receipt of notice of such entry, whichever is earlier. *This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal* and enables any winning party to shorten the 180-day period by sending (and establishing proof of receipt of) its own notice of entry of a judgment, as authorized by Fed.R.Civ.P. 77(d). Winning parties are encouraged to send their own notice in order to lessen the chance that a judge will accept a claim of non-receipt in the face of evidence that notices were sent by both the clerk and the winning party. Receipt of a winning party's notice will shorten only the time for reopening the time for appeal under this subdivision, leaving the normal time periods for appeal unaffected.

If the motion is granted, the district court may reopen the time for filing a notice of appeal only for a period of 14 days from the date of entry of the order reopening the time for appeal.

Advisory Committee Note to Amendments to Federal Rules of Appellate Procedure, 134 F.R.D. 725, 744-45 (1991) (emphasis added).[4]  "The amendment is intended to reduce substantially the

---

[4]Congress has addressed this same question in nearly identical terms in 28 U.S.C. § 2107, which reads:

**§ 2107. Time for appeal to court of appeals**

(a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

(b) In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days from such entry.

(c) The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause.  In addition, if the district court finds—

(1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and

(2) that no party would be prejudiced,

the district court may, *upon motion filed within 180 days after entry of the judgment or order or within 7 days after receipt of such notice, whichever is earlier*, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

(d) This section shall not apply to bankruptcy matters or other proceedings under Title 11.

28 U.S.C.A. § 2107 (1994) (emphasis added).

risk that any opportunity to appeal will be forfeited by failure to receive notice of the entry of judgment."  16A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3950.6, at 222 (3d ed. 1999) (footnote omitted) (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995)).  And "Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered." *Id.* § 3950.6, at 228; *accord Vencor Hosp., Inc. v. Standard Life and Acc. Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002).

As counsel for the government points out, "Rule 4(a)(6)'s limited opportunity to reopen the time for appeal 'balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments.'"  (U.S. Opp. Mem. at 3-4 (quoting *Vencor Hosp., Inc. v. Standard Life and Acc. Ins. Co.*, 279 F.3d 1306, 1309 (11th Cir. 2002), and citing *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (noting that "the essence of Rule 4(a)(6) is finality of judgment").)

> In balancing these interests, the rule establishes 180 days as the outer time limit for filing a motion to reopen the appeal period. See Servants of the Paraclete v. John Does I-XVI, 204 F.3d 1005 (10th Cir. 2000); Stein v. Burt & Gordon PC, 197 F.3d 421, 425 (9th Cir. 1999); Benavides v. Bureau of Prisons, 79 F.3d 1211, 1214 (D.C.Cir.1996); Zimmer St. Louis Inc. v. Zimmer Co., 32 F.3d 357, 360 (8th Cir. 1994); Advisory Committee Notes to 1991 Amendment (noting that Rule 4(a)(6) "establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal.")

(*Id.* at 4.)

Rule 4(a)(6) "does not grant a district judge *carte blanche* to allow untimely appeals to be filed." *Matter of Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994).  The court "must make findings that the conditions prescribed by the rule have been satisfied. This requirement is

important to prevent the rule from being treated by judges and litigants as purely discretionary, transforming the 30-day period for taking an appeal into a 180-day period." *Id.*; *see Servants of Paraclete*, 204 F.3d at 1009-10 (recognizing that Rule 4(a)(6) establishes a 180-day "outer time limit").

Clearly, Kadonsky was "entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry," and Kadonsky asserts that the government would not be prejudiced by reopening the time for filing of his notice of appeal—an assertion that the government did not specifically dispute. (*See* U.S. Opp. Mem., *passim*.)  The determination of Kadonsky's motion thus turns upon Rule 4(a)(6)'s first express condition, the mandatory 180-day time limit.

Kadonsky argues that the Rule's 180-day time limit should be tolled during the entire period that he was actually unaware of the entry of the September 28, 2004 Judgment and thus prevented from pursuing a timely appeal, quoting and citing to several cases dealing with equitable tolling of statutory limitations periods.[5]  (*See* "Supplement to Motion to File Appeal at

---

[5]*See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *See, e.g.*, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990)."); *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) ("Equitable tolling is appropriate when 'the principles of equity would make the rigid application of a limitation period unfair,' . . . , such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims.  *Fahy v. Horn*, 240 F.3d 239, 244-45 (3d Cir. 2001)."); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (stating that equitable tolling may be justified "when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights'" ); *Application of the United States of America in the Matter of an Order Authorizing the Interception of Wire Communications*, 413 F. Supp. 1321, 1335 (E.D. Pa. 1976) ("This contention may be disposed of by reference to the broad rule that *whenever some paramount authority prevents a person from exercising his legal remedy, the statute is tolled for that period during which he has been thwarted*. . . .  It would be manifestly unjust to hold that the clock is running on movant's cause of action during a period when this court and the Government have prevented him from obtaining the information necessary to bring that claim." (emphasis in original) (citing *Braun v. Sauerwein*, 77 U.S. (10 Wall.) 218 (1870), *Davis v. Wilson*, 349 F.Supp. 905 (E.D. Tenn.), *aff'd mem.*, 471 F.2d 653 (5th Cir. 1972); 51 Am. Jur. 2d *Limitation of Actions* § 140 (1970))).

*LaCava v. Kyler* rejected equitable tolling of the federal habeas corpus limitations period based upon

(continued...)

This Time," at 8-9, 11.)

As the Third Circuit explained in *Jones v. Morton*, 195 F.3d 153 (3d Cir. 1999),

equitable tolling "may be appropriate if (1) the defendant has actively misled the
plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from
asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly
in the wrong forum." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)
(quoting *Kocian v. Getty Refining & Mktg. Co.*, 707 F.2d 748, 753 (3d Cir.
1983)).

195 F.3d at 159. "Time requirements in lawsuits between private litigants are customarily

subject to 'equitable tolling.'" *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990)

(quoting *Hallstrom v. Tillamook County*, 493 U.S. 20, 27 (1989));[6] *see also Carlisle v. United

States*, 517 U.S. 416, 435 (1996) (Ginsburg, Souter & Breyer, JJ., concurring) (noting that time

prescriptions generally are subject to equitable tolling).

Kadonsky's motion asserts that assurances given by counselors at Federal Transfer

Centers in Oklahoma City and Atlanta that "they know where you are" misled him into not

inquiring of the Clerk as to the post-trial status of his case in this court, and thereby discovering

---

[5](...continued)
petitioner's failure to receive notice of an adverse state appellate court ruling where he did not act with due diligence in
making inquiry as to the status of his pending state proceeding.  398 F.3d at 277-79.  *LaCava* distinguished *Knight v.
Schofield*, 292 F.3d 709 (11th Cir. 2002), in which the *pro se* petitioner has relied on the state supreme court clerk's
direct "assurance of personal notification" of a ruling and the clerk's mailing of the ruling to the wrong person, justifying
equitable tolling.  *Jones v. Morton* similarly rejected equitable tolling because of the petitioner's failure to exercise due
diligence. 195 F.3d at 160.
      In *Application of the United States, etc.*, the district court held that "the statute of limitations must and will be
suspended as to any civil cause of action" a potential plaintiff "may have under this Act until such time as he is able to
obtain the information necessary to ascertain the viability of civil suit" for illegal electronic surveillance because the
government, claiming a need for secrecy, would not provide him with the information necessary to bring the claim.  413
F. Supp. at 1335.  *See also Ostrer v. Aronwald*, 434 F.Supp. 379, 388-89 (S.D.N.Y.), *aff'd*, 567 F.2d 551 (2d Cir. 1977)
(following *Application of United States* on tolling issue).

[6]*Irwin* identified two settings in which equitable tolling had been recognized in private law suits, namely "where
the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where
the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  498
U.S. at 96.

that a final judgment had in fact been entered on September 28, 2004.  ("Supplement to Motion to File Appeal at This Time," at 4-5, 9-10.)

Counsel for the government responds that "[n]othing in the language of the Rule indicates that its limitations are permissive or may be waived for equitable reasons," citing *Clark v. Lavallie*, 204 F.3d at 1040.  (U.S. Opp. Mem. at 4.)  In *Clark*, the court of appeals pointed to "the mandatory language of Rule 4(a)(6)," which "gives a district court discretion to reopen the time to file an appeal only upon specific conditions."  204 F.3d at 1040.   "Moreover," *Clark* explains, "nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons.  The 180-day limitation which governs this case is specific and unequivocal." *Id.*[7]

Case law from the Supreme Court and other courts of appeals lends strong support to this view.  In *Stone v. Immigration and Naturalization Service*, 514 U.S. 386 (1995), the Supreme Court observed that "[j]udicial review provisions . . . are jurisdictional in nature and must be construed with strict fidelity to their terms," and that "[t]his is all the more true of statutory provisions specifying the timing of review, for those time limits are, as we have often stated, 'mandatory and jurisdictional,' *Missouri v. Jenkins*, 495 U.S. 33, 45, 110 S.Ct. 1651-1660, 109 L.Ed.2d 31 (1990), and are not subject to equitable tolling.  See Fed. Rule App. Proc. 26(b)." 514 U.S. at 405.  According to the Federal Circuit in *Oja v. Department of Army*, 405 F.3d 1349 (Fed. Cir. 2005),

---

[7]In *Clark*, a notice of entry of judgment dismissing plaintiff's case was mailed to the prison where plaintiff had been incarcerated, but by that time, plaintiff had been transferred to a different prison and the notice was not forwarded. Plaintiff filed a motion for a status conference six weeks after dismissal, but the court took no action on that motion.  Five months later—more than 180 days after entry of judgment—the plaintiff wrote to the district court to inquire about the status of his case, and received notice of the dismissal of the case.  By then, relief under Rule 4(a)(6) was no longer available.

It is, of course, beyond cavil that the provisions of 28 U.S.C. § 2107 and Fed. R.App. P. 4(a)—which require a notice of appeal in a civil case in a United States District Court to be filed within 30 days of the entry of judgment unless the district court extends the appeal period under Rule 4(a)(5) or reopens the appeal period under Rule 4(a)(6)—are "mandatory and jurisdictional" and not subject to equitable tolling. *See Browder v. Dir., Ill. Dep't of Corr.*, 434 U.S. 257, 264-65, 98 S.Ct. 556, 54 L.Ed.2d 521 (1977). In *Browder*, the Supreme Court stated the rationale for Rule 4(a) as follows:

> The purpose of the rule is clear: It is "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the statute would defeat its purpose."

*Id.* at 264, 98 S.Ct. 556 (quoting *Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 415, 63 S.Ct. 1126, 87 L.Ed. 1483 (1943)).

405 F.3d at 1358-59. The *Oja* court concluded that by approving the language of, *inter alia*, Fed. R. App. P. 26(b)[8] without change, "Congress expressed a general intent to withhold the doctrine of equitable tolling from at least those statutes that specify the time period for review by this court." *Id.* at 1359 (citing 5 U.S.C. § 7703(b)(1).)[9]

*Oja* echoed the Federal Circuit's earlier observation in *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc), that:

---

[8]Fed. R. App. P. 26(b) reads in part

> **(b) Extending Time.** For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires. But the court may not extend the time to file:
>
> > (1) a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal; . . . .

[9]*Accord Slinger Drainage, Inc. v. Environmental Protection Agency*, 237 F.3d 681, 682 (D.C. Cir.) (construing 33 U.S.C. § 1319(g)(8)(B)), *cert. denied*, 534 U.S. 972 (2001); *Abdi v. United States Attorney General*, 430 F.3d 1148, 1149-50 (11th Cir. 2005) (construing 8 C.F.R. § 1003.2(c)(2)); *Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999) (construing 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996)); *United States v. Shank*, 395 F.3d 466, 470 (4th Cir. 2005) (construing Fed. R. App. P. 4(b)(6)); *cf. United States v. Green*, 405 F.3d 1180 (10th Cir. 2005) (ruling that time for filing of notice of appeal under Fed. R. App. P. 4(b)(6) is not tolled by filing of motion under Fed. R. Crim. P. 35(a)).

28 U.S.C. § 2107 and Rule 4, Fed. R. App. P., which govern the timing of notices of appeal from federal district courts, have long been regarded as mandatory and jurisdictional, and thus not subject to equitable tolling. *See Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 264, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978); *see also Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S. Ct. 2405, 101 L. Ed. 2d 285 (1988). Likewise, the time limitation for certiorari petitions in civil cases, 28 U.S.C. § 2101, has always been considered mandatory and jurisdictional. *See Federal Election Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 90, 115 S. Ct. 537, 130 L. Ed. 2d 439 (1994); *Missouri v. Jenkins*, 495 U.S. 33, 45, 110 S. Ct. 1651, 109 L. Ed. 2d 31 (1990). In both instances, noncompliance with the timing provisions in the statute or rule is fatal to the appeal or petition for review, no matter how compelling the reason that the appellant or petitioner has failed to satisfy the applicable provisions.

160 F.3d at 1372.

None of the cases cited by Kadonsky suggest that the provisions of Rule 4(a)(1) or 4(a)(6), or of 28 U.S.C. § 2107, are subject to equitable tolling.

This court has found only very sparse support for the notion that the time limits of Fed. R. App. P. 4(a)(1) or 4(a)(6) may be subject to equitable tolling under any circumstances. In *Fogel v. Gordon & Glickson, P.C.*, 393 F.3d 727 (7th Cir. 2004), the Seventh Circuit discussed "the unhelpfully named 'unique circumstances' doctrine, which is actually a form of equitable tolling that relieves against the consequences of an untimely filing of a notice of appeal if the appellant relied on a 'specific assurance by a judicial officer.'" 393 F.3d at 731-32 (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989), and citing *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 152 (2d Cir. 1999), and *Moore v. South Carolina Labor Board*, 100 F.3d 162, 164 (D.C. Cir. 1996) (per curiam)). "Questionable on its face . . . and rarely invoked successfully," the *Fogel* court explains,[10]

_____

[10]As the Seventh Circuit points out, "the judge-made tolling rules, such as equitable tolling, are designed for statutes of limitations, not for jurisdictional deadlines, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct.

(continued...)

the doctrine in operation is best illustrated by *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S. Ct. 283, 9 L. Ed. 2d 261 (1962) (per curiam).  The district court had granted an extension of time within which to file the notice of appeal because the appellant's lawyer was out of the country.  In reliance on the court's order, the appellant filed its notice of appeal within the extended deadline, but after the original 30-day deadline had expired.  The court of appeals reversed the grant of the extension, which made the appeal untimely, but the Supreme Court reversed the court of appeals.  The appellant had relied on the extension (for had it been denied, he could have filed the notice of appeal within the original deadline), and his reliance had been reasonable because the judge's granting of the motion for an extension of time hadn't been an obvious abuse of discretion. On this basis the Supreme Court held that the appeal was timely after all. . . .

*Id.* at 732.

In this Circuit, the "unique circumstances" doctrine "permits an untimely appeal to go forward 'where a party has performed an act which, if properly done, would postpone the deadline for filing an appeal and has received specific assurance by a judicial officer that this act has been properly done.'" *In re Home & Family, Inc.*, 85 F.3d 478, 479 (10th Cir. 1996) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989)).[11]  Yet Supreme Court and Tenth Circuit case law "make it clear that, whatever the precise contours of the 'unique circumstances' exception may be, it is a disfavored doctrine that is to be applied only in 'carefully limited

_____

[10](...continued)
1127, 71 L.Ed.2d 234 (1982); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990); *David v. Hall*, 318 F.3d 343, 345-46 (1st Cir. 2003); *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1040-41 (D.C. Cir. 1986)."

[11]According to one commentary:

The likelihood that appellant can successfully invoke this doctrine depends on several factors: The explicitness of any district court assurance, whether the assurance was given by a judicial officer or a clerk, whether the erroneous court action occurred before the end of the original appeal period, and the reasonableness of appellant's actual reliance on the district court's action.

David G. Knibb, *Federal Court of Appeals Manual* § 12.4, at 234 (4th ed. 2000) (footnotes omitted); *see id.* (Supp. 2006) ("Appellant's success in invoking this doctrine will depend on several factors, including whether appellant inquired further in light of apparent inconsistencies between written instructions and the clerk's oral advice. . . .  Reliance is more likely justified by district court action than inaction.")

circumstances.'" *Id.* at 481 (quoting *Senjuro v. Murray*, 943 F.2d 36, 37 (10th Cir. 1991) (per curiam)).[12]  We must keep in mind that "[t]he time limits specified in the rules serve vital interests of efficiency and finality in the administration of justice, and are not designed merely to ensnare hapless litigants."  *United States v. Long*,  284 U.S. App. D.C. 405, 407-08, 905 F.2d 1572, 1574-75 (D.C. Cir. 1990) (footnote omitted).

Though Kadonsky's motion asserts that he was misled by the representations of Federal Transfer Center counselors that he spoke with in Oklahoma City and Atlanta, he does not pinpoint any "specific assurance by a *judicial* officer" upon which he reasonably relied in delaying his filing of his notice of appeal.  During the original Rule 4(a)(1) appeal period, he did not seek or receive from this court any extension of the time for filing his notice, as was the case in *Harris Truck Lines*.  Nor did he perform an act which, if properly done, would postpone the deadline for filing his appeal, *e.g.*, filing a timely motion under Fed. R. Civ. P. 59; and he has received no specific assurance by a judicial officer that such an act had been properly done.  *See Osterneck*, 489 U.S. at 179; *Thompson v. Immigration and Naturalization Service*, 375 U.S. 384 (1964).  "Reasonable reliance being the mainstay of the 'unique circumstances' doctrine, the

---

[12]The "unique circumstances" doctrine may not even exist as an independent basis for tolling the Rule 4 time limits.  The *Federal Court of Appeals Manual* further observes that

> Today there is no particular reason for regarding such grounds as an independent basis for extending the appeal period.  If an appellant relies in good faith on incorrect statements or erroneous actions by the district court, that may simply amount to excusable neglect warranting an extension of the appeal period.
> . . . .
> The Supreme Court's tougher recent stance on appellate jurisdictional issues has prompted some debate over the continued vitality and scope of this doctrine. . . .
> If this doctrine is viewed as a variation on excusable neglect, then it ought to survive any strict construction view of appellate jurisdiction simply because excusable neglect is recognized by rule as a basis for extending the appeal period.  Then the only proper issue before the district court is whether the neglect was excusable under the circumstances.

*Id.* § 12.4, at 231-32, 234-35 (footnotes omitted).

doctrine has no application here," where Kadonsky has been given *no* assurance by a *judicial*

officer concerning the timing of his appeal.  *In re Home & Family, Inc.*, 85 F.3d at 481.

Nor does *in*action on the part of a judicial officer excuse Kadonsky from the time limits

applicable to his notice of appeal.  Any failure by the Clerk of the Court to take affirmative steps

to locate Kadonsky after the initial mailing of notice of entry of the judgment was returned

undelivered does not alter the effect of Rules 4(a)(1) or 4(a)(6), or 28 U.S.C. § 2107.  Fed. R.

Civ. P. 77(d) provides in part:

> **(d)  Notice of Orders or Judgments.**  Immediately upon the entry of an
> order or judgment the clerk shall serve a notice of the entry by mail in the manner
> provided for in Rule 5 upon each party who is not in default for failure to appear,
> and shall make a note in the docket of the mailing. . . .  *Lack of notice of the entry
> by the clerk does not affect the time to appeal or relieve or authorize the court to
> relieve a party for failure to appeal within the time allowed, except as permitted
> in Rule 4(a) of the Federal Rules of Appellate Procedure*. [Emphasis added.]

The Rules Advisory Committee has said that Rule 77(d)'s provision for notice by the Clerk is "a

mere accommodation service and not intended to affect the running of the time for appeal."[13]  A

1948 amendment to Rule 77(d) added the last sentence, making it clear that lack of notice of the

entry by the clerk did not affect the time to appeal nor did it authorize the court to relieve a party

from a failure to take a timely appeal except as provided in what is now Rule 4(a).  12 Charles A.

Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3084, at 445,

446 (2d ed. 1997).  The Advisory Committee Note explained clearly what the 1948 amendment

to Rule 77(d) was intended to accomplish:

> Rule 77(d) as amended makes it clear that *notification by the clerk of the entry of
> a judgment has nothing to do with the starting of the time for appeal*; that time
> starts to run from the date of entry of judgment and not from the date of notice of

---

[13]Advisory Committee Note to the 1948 Amendment to Fed. R. Civ. P. 73(a), 5 F.R.D. 433, 485 (1946).

the entry.  Notification by the clerk is merely for the convenience of litigants. And *lack of such notification in itself has no effect upon the time for appeal*; but in considering an application for extension of time for appeal as provided in [Fed. R. App. P. 4(a)], the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d) or the party failed to receive the clerk's notice.  It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received.  It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment.

Advisory Committee Note to the 1948 Amendment to Rule 77(d), 5 F.R.D. 433, 492 (1946) (emphasis added).  Indeed, "[t]he 180-day maximum period for seeking reopening leaves an incentive to check periodically for the entry of judgment," 16A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3950.6, at 226, and the burden of making that inquiry continues to be borne by the prospective appellant.  *See Lathrop v. Oklahoma City Housing Authority*, 438 F.2d 914, 915 (10th Cir.) ("We have held that Rule 77(d) 'thus plainly charges the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest.' *Long v. Emery*, 383 F.2d 392, 394 (10th Cir. 1967)."), *cert. denied*, 404 U.S. 840 (1971).

**CONCLUSION**

As the court of appeals observed in *Clark*, "The essence of Rule 4(a)(6) is finality of judgment.  While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases."  204 F.3d at 1041.

Kadonsky's motion charts no navigable course around the clear language of Rule 4(a)(6) based upon more general notions of equitable tolling, and this court has found none.  As the

-16-

Rules Advisory Committee explained in 1991, Rule 4(a)(6) "establishes an outer time limit of

180 days for a party who fails to receive timely notice of entry of a judgment to seek additional

time to appeal." Kadonsky's September 22, 2005 motion for leave to file his appeal falls nearly

180 days *beyond* the March 28, 2005 expiration of the original 180-day period after the Judgment

was entered on September 28, 2004, and "simply came too late" to permit reopening of the time

to file an appeal pursuant to Rule 4(a)(6). *Beard v. Carrollton Railroad*, 893 F.2d 117, 120 (6th

Cir. 1989); *see Servants of Paraclete*, 204 F.3d at 1010 ("Fed. R. Civ. P. 77(d) provides

expressly that any relief on the ground of lack of notice is not authorized 'to relieve a party for

failure to appeal within the time allowed except as permitted in Rule 4(a) of the Federal Rules of

Appellate Procedure.' Thus the Rule 4(a)(6) 180 day 'outer time limit' bars relief as sought here

. . . ."); *Vencor Hosp., Inc.*, 279 F.3d at 1311 ( "To permit extensions of the time to appeal

beyond the 180-day limit set forth in Rule 4(a)(6) would effectively thwart the purpose of the

amendment.").

Therefore,

**IT IS ORDERED** that Kadonsky's "Motion to File Appeal at this Time," filed

September 22, 2005 (dkt. no. 106), is hereby DENIED.

DATED this _11_ day of May, 2006.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge

-17-



Steven J. Kadonsky
NEW JERSEY ST PRISON
#273445
PO BOX 861
TRENTON, NJ 08625

Return to Sender

INACTIVE OOT

REFUSED

EXHIBIT "A"